In the Matter of the Arbitration between ROBERT E. LASEK, Appellant, and MARGUERITE B. LASEK, Respondent.

First Department, June 8, 1961.

*John W. Burke* of counsel (*Davies, Hardy & Schenck,* attorneys), for appellant.

*John H. Mariano* of counsel (*Mariano & Bisceglia,* attorneys), for respondent.

*Per Curiam.* Plaintiff, the ex-wife of defendant, brought this action for breach of a separation agreement made prior to their divorce. Plaintiff alleges her ex-husband's failure to make the payments expressly required by the agreement for the support of her and the two children of the marriage as well as for medical expenses, school tuition and the like. With respect to each item, plaintiff alleges that repeated demands have been made for payment, all of which have been refused.

The separation agreement contains two arbitration clauses. The first, which is not directly involved on this appeal, provides for a review, upon the demand of either party, of the provisions for maintenance and support and for arbitration in the event the parties "are unable to agree after such review". The second clause, which is directly involved, is as follows: "Any dispute between the parties hereto with respect to the provisions of this agreement or the interpretation thereof shall be submitted to arbitration in the City of New York in accordance with the rules of the American Arbitration Association and any award thereon may be entered in the highest court of any state having jurisdiction of the parties hereto."

Defendant has not answered the complaint, nor has he indicated to the court what defenses, if any, he may have to the cause of action alleged. Instead, he moved for a stay of the action until arbitration can be had between the parties. Special Term denied the motion, concluding that thus far no arbitrable dispute had been shown to exist. A subsequent motion for reargument was denied for the same reason. Defendant has appealed from both orders.

For the reasons that follow, the stay pending arbitration should have been granted.

The arbitration clauses in the separation agreement provided a substitute for the usual legal forum, in which the parties might have their differences resolved, in relative privacy, by self-chosen judges (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714–715, affd. 309 N. Y. 709). Their right to agree upon arbitration of matters relating to marital support and maintenance under a subsisting separation agreement is not questioned, nor is it questionable (*Matter of Luttinger*, 294 N. Y. 855; *Matter of Robinson*, 296 N. Y. 778).

Having so chosen to arbitrate their differences, neither may avoid the choice on the ground that the other has failed to offer an excuse for an alleged breach. Whether or not defendant has a defense to the cause of action pleaded in the complaint — or even if he admits liability — his refusal to comply with the agreement, as alleged in the complaint, nonetheless creates an arbitrable dispute (*Matter of Associated Metals & Minerals Corp.* [*Kemikalija*], 11 A D 2d 988). Arbitration was agreed upon not merely as forum for resolving contested issues of law and fact but as means by which a remedy might be sought to enforce contractual obligations. In short, the refusal to comply with a conceded obligation and the insistence on performance by the other party is a dispute.

The holding of the Appellate Division in *Matter of Prima Prods.* (*Aquella Prods.*) (280 App. Div. 109, revd. as moot 304 N. Y. 619) is not to the contrary. In that case one of the parties to a pending arbitration sought to bring in a third party upon what would be, in a judicial proceeding, a third-party complaint for indemnification. The decision turned upon the limited scope of the arbitration clause involved. Language in the majority opinion which might suggest to some that a controversy does not exist when one party fails to deny liability must be read in the light of the facts presented there. Moreover, insofar as the opinion placed any reliance upon *Matter of Webster* v. *Van Allen* (217 App. Div. 219), it is not determinative in light of the more recent disapproval of that case, on the precise point in issue here, expressed in *Matter of Associated Metals & Minerals Corp.* (*Kemikalija*) (11 A D 2d 988, *supra*).

The arbitration clause here is sufficiently broad to encompass a dispute arising from a simple refusal to comply with the separation agreement as contrasted with a dispute over the interpretation or legal effect of the agreement. Such refusal creates no less a dispute " with respect to the provisions of [the] agreement " merely because it has not yet ripened into

a contest concerning construction of the agreement. If the courts were to retain jurisdiction over the dispute until such time as it resolved itself into a controversy over pure questions of interpretation and only then refer the issues to arbitration, the clear purpose of the arbitration agreement to provide a single forum for resolution of differences would be badly frustrated. No such narrow interpretation of the arbitration clause involved is warranted (cf. *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80). Moreover, it should be evident that the application of any provision of an agreement must involve at least minimal interpretation (3 Williston, Contracts [rev. ed.], § 609).

Accordingly, the order denying the original motion for a stay should be reversed upon the law and the stay granted, with costs to appellant; and since the order denying reargument is not appealable, the appeal therefrom should be dismissed, without costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and STEUER, JJ., concur.

Order, entered on January 24, 1961, denying petitioner's motion for a stay, unanimously reversed, upon the law, with $20 costs and disbursements to the appellant, and the motion for a stay granted, with $10 costs. Appeal from order entered on March 6, 1961, denying petitioner's motion for reargument of his prior application for a stay, unanimously dismissed, without costs.