■ VERGEL STORCH, Respondent, v. ARTHUR STORCH, Appellant.— Order of Family Court of the State of New York, New York County, entered April 5, 1971, which granted petitioner's application to enforce the support provision of her Mexican divorce decree, which had incorporated by reference the terms of a separation agreement, and increased the amounts thereof based on a change in circumstances, and directed the commitment of the former husband for non-payment, unanimously reversed, on the law and the facts and in the exercise of discretion, and the application denied, without costs and without disbursements, and without prejudice to further proceedings to enforce an arbitration award or for a further arbitration pursuant to the terms of the separation agreement. The separation agreement provided for arbitration, and one was held approximately one year prior to the petition in the Family Court, and the award confirmed in the Supreme Court. A provision in the separation agreement for such arbitration of disputes with respect to support is valid and enforceable. (*Matter of Robinson*, 296 N. Y. 778; *Matter of Luttinger*, 268 App. Div. 1025, affd. without opinion 294 N. Y. 855; *Matter of Lasek*, 13 A D 2d 242.) Similarly, with respect to the amount of support for the child (*Schneider* v. *Schneider*, 17 N Y 2d 123; *Sheets* v. *Sheets*, 22 A D 2d 176). The Family Court found that the petitioner former wife is able to earn approximately $75 net per week, and that the husband with a new wife and child is able to earn $160 net per week. The arbitration had required him to pay $200 a month, reduced from $400 a month in the separation agreement, and also made provision for a lump sum payment of arrearages. The petitioner claims that the husband has not complied with the arbitration award, and she has obtained an unsatisfied judgment for the arrears, and further that the 14-year-old child of the former marriage needs orthodontia and also private school for which tuition is approximately $1,000 per year. The Family Court took juris-diction on the basis of failure to comply with the arbitration award and directed payments of $100 per week plus $15 a week for arrears, found willful default and directed commitment. The separation agreement has a provision as to the husband providing private school education if public school education " shall not be of a satisfactory standard " and " if the financial condition of the husband shall permit ". Arbitration is specifically provided for this question and has not yet been had as to that, and there is no reason for the court to interpose its findings when the parties have provided this reasonable means for deter-mining the issue. Concur — Kupferman, J. P., Murphy, McNally, Steuer and Tilzer, JJ.