DOROTHY D. SLOCUM, Appellant, *v.* ARTHUR F. SLOCUM, Respondent.

Third Department, June 27, 1973.

*Bernstein, Gitlitz & Sukloff* (*Donald M. Sukloff* of counsel), for appellant.

*Harlem & Terry* (*Robert A. Harlem* of counsel), for respondent.

GREENBLOTT, J. P.  This is an appeal from an order of the Supreme Court at Special Term, entered October 20, 1972 in Otsego County, which dismissed an application by appellant for alimony under section 236 of the Domestic Relations Law.

The parties were formerly husband and wife.  In June, 1969, appellant obtained an order of support through the Family Court in Otsego County in the amount of $50 per week.  Shortly thereafter she instituted an action for divorce, but before the decree was granted, a separation agreement was entered into releasing respondent of his obligation to provide support, and an order was entered in Family Court, based on said agreement, terminating the prior order.  A subsequent application in the Otsego County Family Court for support was denied on June 5, 1970 on the ground that appellant had waived her right to alimony.

In 1972, a motion was made in the Supreme Court in Otsego County for a modification of the judgment of divorce so as to include therein a direction for the payment of alimony pursuant to section 236.  In denying the motion, Special Term noted that the validity of the separation agreement had been or could have been determined in the prior Family Court proceeding, and, therefore, held that the order of June 5, 1970 constituted a collateral estoppel to appellant's right to relief.

This determination was erroneous and must be reversed. Section 5–311 of the General Obligations Law prohibits a husband and wife from entering into a contract whereby the husband is relieved from his liability to support the wife.  Such contracts are clearly void, not merely voidable (*McMains* v. *McMains*, 15 N Y 2d 283).  It being the clearly established public policy of this State that a wife cannot waive her right to support by written agreement, it is equally clear that a waiver by means of an estoppel would be just as obnoxious to the policy clearly expressed in the statute.  The Court of Appeals has held that a separation agreement which is void under former section 51 of the Domestic Relations Law, the predecessor to section 5–311, is not a bar to an application for alimony in a divorce action (*Kyff* v. *Kyff*, 286 N. Y. 71).  Since a direction for alimony under section 236 may be made " subsequent to final judgment ", no different result is called for under presently applicable statutes.

Respondent urges that the application was nevertheless properly dismissed, contending that appellant's allegation that she

"is, or is about to become, a public charge" (*McMains* v. *McMains, supra*), was intrinsically invalid because appellant admittedly is the owner of real property. We disagree. In *McMains* support was sought in excess of the amount set forth in a *valid* support agreement. The Court of Appeals has held that the parties would be held to the terms of an agreement where the support therein provided was adequate at the time of the agreement, unless additional facts were adduced showing such support to be inadequate so as to place the plaintiff in danger of becoming a public charge (*McMains* v. *McMains, supra*; see, also, *Calwil* v. *Calwil*, 34 A D 2d 535). We do not believe that the *McMains* doctrine need be resorted to where the agreement which is relied upon provides no support and is thus void under section 5–311. In the circumstances of this case, appellant's ownership of real property is a factor which is to be considered in determining the amount of support, if any, to which appellant is entitled. It is not, in and of itself, a bar to her application.

We have examined the other issues raised by the parties and find them to be without merit.

The order should be reversed, on the law, with costs, and the matter remitted for a hearing on the issue of alimony.

COOKE, KANE, MAIN and REYNOLDS, JJ., concur.

Order reversed, on the law, with costs, and matter remitted for a hearing on the issue of alimony.