DAVID HIRSCH, Respondent, v. ANN HIRSCH, Appellant.

First Department, June 27, 1974.

*Irving L. Weinberger* of counsel (*Samuel Schnitzer,* attorney), for appellant.

*Samuel Weisman* of counsel (*Weisman & Weisman,* attorneys), for respondent.

KUPFERMAN, J. Under the circumstances of this matter, the question was '' within the judicially unreviewable purview of the arbitrator '' (*Matter of Raisler Corp.* [*New York City Housing Auth.*], 32 N Y 2d 274, 282) and the award was properly confirmed.

Nonetheless, a consideration on the merits would lead to the same result.

The parties in their agreement as quoted in the dissenting opinion, provided for the continuing obligation of the husband to support the wife, either in such sum as they might agree upon, or else failing agreement, in such sum as might be awarded in arbitration. This is a continuing obligation, and the award does not prevent a future consideration should the circumstances change. In this case, the husband in his retirement has a substantially reduced income. The wife is employed and substantially self-supporting. At the time the parties were separated, the husband turned over to his wife jointly owned securities worth approximately $10,000 and other personal property. The husband has joint ownership of a condominium in Florida, and the wife has her own condominium in the same State. She is not likely currently to become a public charge. As was stated in *Kover* v. *Kover* (29 N Y 2d 408, 418) "the State has a continuing interest in allocating the economic burdens fairly", and it cannot be said that the arbitrator's determination did not accord with that view.

As indicated in an annotation in 18 ALR 3d (1968) page 1264, on Validity and Construction of Provision for Arbitration of Disputes as to Alimony or Support Payments, or Child Visitation or Custody Matters, at page 1266, while the number of judicial decisions considering arbitration of disputes as to alimony or support is small, there is a trend toward inclusion of such provisions in separation agreements, and so more care should be given to the drafting thereof by counsel, and there should be as little interference as possible by the court.

The judgment appealed from should be affirmed without costs or disbursements.

CAPOZZOLI, J. (dissenting). On December 9, 1970 the parties entered into a separation agreement providing for support and maintenance to defendant wife in the sum of $115 per week, tax free, which sum was payable until plaintiff's retirement.

Paragraph 8 of that agreement provides as follows: " 8. In the event that the Husband retires and remains retired from work, occupation or business, then and in any such event and during said period of retirement, the Husband shall no longer be required to pay to the Wife for her support and maintenance the aforementioned weekly payments of One Hundred Fifteen and 00/100 ($115.00) Dollars per week. *However, his obligation to support and maintain the Wife shall nevertheless continue and he shall pay weekly to the Wife for her support and maintenance such sum as may be mutually agreed upon between them.* In the event, however, that the Husband and Wife fail

to mutually agree upon such an amount, the *subject matter of the amount to be paid* shall be submitted for arbitration to the American Arbitration Association in the City of New York ''. (Emphasis added.)

The agreement further provided that its provisions were to be incorporated into any divorce decree obtained, but were not to be merged therein, the agreement to survive the decree. A judgment of divorce was granted to plaintiff on February 13, 1973, based on the ground that the parties had been living apart for one year, pursuant to the separation agreement. It was decreed therein that plaintiff should continue to support his wife in accordance with the provisions of the separation agreement. He did this up until his retirement from business on February 28, 1973. Thereafter, he made no further payments to his wife. Upon retiring he sent a check for $115 to defendant, with a note which read '' last check until a settlement is reached '', thereby acknowledging his obligation, as set forth in the agreement.

The parties were unable to mutually agree upon a sum for defendant's support and she demanded arbitration, in accordance with paragraph 8, quoted above. In her demand, which was based upon that paragraph, and the subsequent disagreement between the parties, she sought payment of $80 per week, tax free, commencing March 1, 1973.

The arbitrator, in his award, found that defendant '' can and does support herself ''. Accordingly, he awarded as follows:

'' 1. Claimant's claim is denied. * * *

'' 4. This award is in full settlement of all claims submitted to this arbitration.''

Defendant moved to vacate the arbitrator's award and plaintiff cross-moved for confirmation. Special Term denied defendant's motion and confirmed the award and the arbitrator's finding that plaintiff was not obligated to pay any support, holding that '' [e]rrors, mistakes and defections from strict legal rules are all included in the risk of arbitration [citing cases] ''.

The statement in paragraph 8 that plaintiff's '' obligation to support and maintain the Wife shall nevertheless continue and he shall pay weekly to the Wife for her support and maintenance such sum as may be mutually agreed upon '' is capable of only one construction, namely: that the husband's obligation was not to terminate upon his retirement. Paragraph 8 is clear and unambiguous and not susceptible of any other construction. Even so, we would point out that the remainder of the contract fortifies this construction and, in particular, paragraph 10, which provides as follows:—

"10. The liability of the Husband for the payments set forth in this agreement shall cease upon the happening of whichever of the following events shall first occur:

"a) The death of the Husband;

"b) The remarriage of the Wife;

"c) The death of the Wife."

The retirement of the plaintiff is not included in the list of "events" which would terminate his liability for the payments set forth in the separation agreement. None of the "events" which are listed has occurred and, accordingly, such liability has not ceased. To construe paragraph 8, or the separation agreement itself, in any other way would constitute nothing less than the creation of new terms or a new contract not agreed to by the parties.

It may well be that the result reached by the majority is fair under the circumstances of this case, but we should not encourage arbitrators to exercise powers outside of those specifically conferred upon them in the agreement to arbitrate. We concede that, if the arbitrator had awarded any amount, no matter how small, his award would have to be enforced. But his conclusion is that the husband has no duty to support his wife because she "can and does support herself". This conclusion was reached despite the language which reads "his obligation to support and maintain the Wife shall nevertheless continue". Therefore, the issue of whether there was a duty to support his wife was not before the arbitrator. The issue was only as to the amount to be awarded.

Accordingly, we dissent and would grant defendant's motion to vacate the arbitrator's award and remand for new arbitration.

STEUER and MACKEN, JJ., concur with KUPFERMAN, J.; CAPOZZOLI, J., dissents in an opinion in which NUNEZ, J. P., concurs.

Judgment, Supreme Court, Bronx County, entered on March 7, 1974, affirmed, without costs and without disbursements.