Gabrielli, J.
This is a proceeding to vacate a denial of monetary relief by the arbitrator, coupled with a cross motion by plaintiff to have the determination confirmed. Briefly stated, the issue presented is whether an arbitrator’s determination that the wife is not presently entitled to support violates public policy, where the parties to a separation agreement have freely contracted for the arbitration of disputes concerning the amount of support the wife is to receive upon her husband’s retirement, and where the decision is predicated upon the present resources and income of the parties.
Finding that there had been a change in plaintiff’s financial condition and that defendant can and does support herself, the arbitrator refused to award defendant any sum for support and maintenance. On a motion by defendant to vacate the award and on a cross motion by plaintiff for its confirmation, Special Term denied the vacatur motion and granted the cross motion for confirmation. The Appellate Division affirmed, holding the matter beyond the purview of judicial review. Two Justices dissented (45 AD2d 167). We affirm.
On December 9, 1970, plaintiff and defendant wife entered into a separation agreement which was to be incorporated, but not merged, into any divorce decree subsequently obtained. The agreement provided that plaintiff was to pay defendant $115 per week, tax free, for her support and maintenance. It further provided that: "8. In the event that the Husband retires and remains retired from work, occupation or business, then and in any such event and during said period of retirement, the Husband shall no longer be required to pay to the Wife for her support and maintenance the aforementioned weekly payments of One Hundred Fifteen and 00/100 ($115.00) Dollars per week. However, his obligation to support and maintain the Wife shall nevertheless continue, and he shall pay weekly to the Wife for her support and maintenance such sum as may be mutually agreed upon . between them. In the event, however, that the Husband and Wife fail to mutu *315 ally agree upon such an amount, the subject matter of the amount to be paid shall be submitted for arbitration to the American Arbitration Association in the City of New York.”
On February 13, 1973, plaintiff was granted a judgment of divorce on the ground that the parties had lived separate and apart for one year pursuant to the agreement.
Throughout the period commencing with the execution of the separation agreement and continuing until February 28, 1973, the date he retired, plaintiff complied with the provisions of the separation agreement. At that time, however, he informed defendant that no more payments would be forthcoming "until a settlement is reached”. Negotiations followed, but no agreement could be reached and, on June 1, 1973 defendant served a demand for arbitration.
Defendant sought $80 per week, tax free, retroactive to March 1, 1973, and, further, the right to make future demands for a greater sum upon her retirement. Plaintiff resisted, claiming that defendant’s present income exceeded his retirement income and that, incident to the separation agreement, defendant obtained the bulk of their joint wealth including valuable jointly held securities.
An agreement which is otherwise void and unenforceable is not enforceable in arbitration (Matter of Exercycle Corp. [Maratta], 9 NY2d 329, 335; Durst v Abrash, 22 AD2d 39). Thus, it has "often [been] held that the broadest of arbitration agreements cannot oust our courts from their role in the enforcement of major State policies, especially those embodied in statutory form” (Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621, 629). Furthermore, a challenge to the arbitrability of an issue on public policy grounds may be made either on an application for a stay of arbitration (Matter of Aimcee Wholesale Corp. [Tomar Prods.], supra; cf. CPLR 7503, subd [b]) or, as here, on a motion to vacate the award (Durst v Abrash, supra; cf. CPLR 7511).
Notably, in matrimonial cases, public policy considerations abound: viz. a husband is chargeable with the support of his wife, and a wife, in certain instances, with the support of her husband (Family Ct Act, §§ 412, 415; cf. General Obligations Law, § 5-311); parents are chargeable with the support of their children (Family Ct Act, §§413, 414); and, of course, paramount consideration is always given to the best interests of the child (see, e.g., Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029; see, also, People ex rel. Herzog v Morgan, 287 NY *316 317; Sheets v Sheets, 22 AD2d 176). Nonetheless, arbitration provisions in separation agreements have been enforced as to the amount a husband must pay for the support of his wife (Matter of Luttinger, 294 NY 855), or wife and child (Matter of Robinson, 296 NY 778; Storch v Storch, 38 AD2d 904; Matter of Lasek [Lasek], 13 AD2d 242), or child alone (Schneider v Schneider, 17 NY2d 123). Indeed, an agreement to arbitrate custody and visitation rights has been upheld (Sheets v Sheets, 22 AD2d 176, supra).
As was also recently urged in other areas of concern in Matter of Associated Gen. Contrs., N. Y. State Chapter (Savin Bros.) (36 NY2d 957) and Matter of Riccardi (Modern Silver Linen Supply Co.) (36 NY2d 945), the argument is here advanced that the arbitrator’s determination is violative of public policy, since it fails to award any support or to provide for any maintenance payments at all. On the record before us, however, we can discern no such impediment, and we hold that both the clause and the resulting determination under review, do not violate public policy. As noted, the arbitrator found, and it remains undisputed, that defendant can and does support herself and that there was a change in plaintiff’s financial condition.* In determining the amount of support to which a wife is entitled, if entitlement is demonstrated, courts may properly consider, in their discretion and as justice requires, various factors including the ability of a wife to be self-supporting (Kover v Kover, 29 NY2d 408, 414-416; Hearst v Hearst, 3 AD2d 706, affd 3 NY2d 967; Phillips v Phillips, 1 AD2d 393, affd 2 NY2d 742; cf Domestic Relations Law, § 236). In fact, in Kover (supra) we affirmed, incident to an action for divorce, an award of no alimony to a wife. Hence, we perceive no per se violation of public policy that would here render the award unenforceable. Hence, the award made was, as the Appellate Division held, within the purview of the arbitrator’s discretion, and is impervious to judicial review (Matter of Raisler Corp. [N. Y. City Housing Auth.] 32 NY2d 274, 282; Matter of Exercycle Corp. [Maratta], 9 NY2d 329, 335, supra).
This does not mean, however, that defendant is forever barred from obtaining maintenance and support. Rather, upon a proper showing of changed circumstances (e.g., that defendant is or is likely to become a public charge, that her standard *317 of living has fallen significantly in relation to that of plaintiff, or that plaintiff’s income and wealth have measurably increased), if husband and wife are unable then to agree on the proper amount for support, another occasion for arbitration will be presented.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs.

 While hardly determinative, it is to be noted that defendant was in no danger of becoming a public charge.