■ ALFRED N. GRIEN, Respondent, v ANITA GRIEN, Appellant.—In an action in which the plaintiff husband was granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Nassau County, dated September 6, 1974, which (1) denied her motion, *inter alia,* for an order of sequestration of plaintiff's assets and (2) granted plaintiff's cross motion, *inter alia* to compel her to submit the dispute to arbitration. Order affirmed, with $50 costs and disbursements. The parties were divorced on the ground that they had been living separate and apart pursuant to a written agreement of separation for a period of one or more years after the execution of such agreement (Domestic Relations Law, § 170, subd [6]). The agreement, which specifically provided that it be incorporated but not merged into the judgment of divorce, contained a clause whereby the parties agreed to arbitrate any dispute or controversy "with respect to the terms and conditions of the agreement, the interpretation thereof, or the performance of the parties" thereunder. The law is clear that once it is ascertained that the parties broadly agreed to arbitrate disputes arising from an agreement, it is for the arbitrators to analyze the agreement, decide what it means and enforce it according to the rules which they consider appropriate under the circumstances *(Hirsch v Hirsch,* 37 NY2d 312; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91; *Matter of*

*Exercycle Corp. [Maratta],* 9 NY2d 329; Ann 18 ALR 3d 1264, 1266). Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.