Gabrielli, J.
(dissenting). I am impelled to dissent, for I cannot concur in the misapplication of previously well-settled principles of law to this rather simple case. The dispositive issue presented by this appeal is whether a separation agreement requiring arbitration of "[a]ny claim, dispute or misunderstanding arising out of or in connection with” the agreement authorizes arbitration of the husband’s claim that his support obligations under the agreement should be modified because of a change in circumstances. Also implicated, because of the analysis employed by the majority of this court, is whether an arbitrator’s power to grant certain requested relief may be challenged by an application to stay arbitration.
Although the factual and procedural background to this appeal is rather complex, the relevant portions thereof are readily stated. The parties entered into an unusually detailed separation agreement in 1972. That agreement contains a *298 broad arbitration clause which provides as follows: "Any claim, dispute or misunderstanding arising out of or in connection with this Agreement, or any breach hereof, or any default in payment by the Husband, or any matter herein made the subject matter of arbitration, shall be arbitrated”. A complicated formula for determining support payments is also contained in the agreement, as is a section requiring the appellant husband to pay for the college education of the three children of the marriage if he can afford to do so. Both parties performed the agreement to their apparent mutual satisfaction for some years. Eventually, however, a dispute arose as to the amount of the payments appellant was required to make under the agreement. The parties were unable to settle the matter amicably, and appellant began to deduct from the payments he made directly to respondent an amount approximately equal to the amount of money he was paying for the children’s college tuition. Respondent then filed a demand for arbitration, seeking to recover the difference between the amounts now being paid her and the amounts supposedly due under the separation agreement. Appellant countered with his own demand to arbitrate the issue of his liability under the agreement, seeking, inter alia, a modification of the support provisions as a result of changed circumstances. Both parties sought to stay the other’s application for arbitration, and Special Term essentially concluded that the entire dispute should proceed to arbitration. On respondent’s appeal, the Appellate Division modified to the extent of staying arbitration of the appellant’s request for a modification of his support obligations under the agreement. Appellant husband now appeals to this court as of right.
It is beyond dispute that the parties to a separation agreement may agree to arbitrate disputes concerning the support provisions of that agreement (see Hirsch v Hirsch, 37 NY2d 312). Hence, the only issue in this case is whether in fact the Bowmers have so agreed. As is noted above, the agreement provides for arbitration of "[a]ny claim, dispute or misunderstanding arising out of or in connection with” the separation agreement. It is difficult to conceive of a broader declaration of arbitrability. Appellant’s claim, whether it be viewed as an attempt to modify the agreement or, more accurately, as a claim that the agreement itself impliedly contemplated modification of the support obligation by an arbitrator, certainly must fall within the purview of that wide-sweeping language. *299 Hence, it appears evident that the instant dispute is arbitrable.
The majority, however, now concludes that this seemingly broad language does not truly mean what it says, but is instead limited in some inarticulable manner and to some uncertain extent. Unfortunately, there exists no support for such an interpretation in the language of the agreement. As noted above, the arbitration clause explicitly provides for arbitration of "[a]ny claim, dispute or misunderstanding arising out of or in connection with this Agreement, or any breach hereof, or any default in payment by the Husband, or any matter herein made the subject matter of arbitration”. The majority suggests that the provision for the arbitration of "any claim, dispute or misunderstanding arising out of or in connection with” the agreement has no real application or meaning, and that the only controversies actually made arbitrable by the agreement are those involving "any breach hereof, or any default in payment by the Husband, or any matter herein made the subject matter of arbitration”. To so hold is to simply read the opening words of the arbitration provision out of existence entirely, and that is something which a court may not do under the guise of contract interpretation. Had the parties desired to provide for arbitration of only those disputes mentioned in the latter phrases of the arbitration clause, there would have been no reason to include the broad opening words. However, that language was made an integral part of the agreement and should be given effect by the courts.
This judicial evisceration of an extremely broad arbitration provision portends a return to that outmoded and heavy-handed judicial scrutiny of arbitration agreements which I had thought this court had abandoned by its decision in Matter of Weinrott (Carp) (32 NY2d 190). Today’s decision resurrects, in new guise, the so-called "specifically enumerated” approach to arbitration clauses which we explicitly rejected in Weinrott. The effect of this decision is to render meaningless the otherwise broad provisions of any arbitration agreement in which the parties, possibly from an excess of caution, have taken the care to specify those particular types of disputes which they feared might not be covered by the general language of the arbitration agreement. I cannot concur in such an approach. It serves no valid purpose where, as here, the intent of the parties is plainly to submit to arbitra *300 tion all disputes "arising out of or in connection with” the separation agreement. Rather, it will merely encourage those who wish to delay final resolution of a dispute to turn to the courts in the hope of preventing the submission to arbitration of matters clearly intended to be determined in that forum.
No more persuasive is the majority’s suggestion that the instant dispute is not arbitrable because appellant is attempting to have the arbitrator "rewrite” the agreement and not merely interpret it. Initially, I note that there exists no reason why two persons may not enter into an agreement authorizing an arbitrator to modify the terms of that agreement upon the application of one of the parties. Any objections to the concept of an arbitrator "rewriting” a contract for the parties stems not from some evil inherent in the idea itself, but rather from the more general doctrine that, at least in the area of consensual arbitration, a party may be bound by the decision of an arbitrator only to the extent that he has agreed to be bound. Normally, the parties to an agreement will not wish to confer upon an arbitrator the power to modify their agreement, and it is for that reason that the arbitrator will lack the power to "rewrite” the agreement. Such objections, however, pertain not to the arbitrability of a dispute, but rather to the power of the arbitrator to provide certain relief, and as such may only be raised by application to vacate an award, not by application to stay arbitration (compare CPLR 7503, with 7511; see Board of Educ. v Barni, 49 NY2d 311).
That the instant application to stay involves no more than a premature contention, that the arbitrator will exceed his power is shown by the fact that regardless of the outcome of this appeal, arbitration will proceed on the question of appellant’s obligations under the contract. The only effect of this proceeding can be to limit the range of remedies which the arbitrator may employ in an attempt to resolve the dispute between the Bowmers. The expenditure of so much time and effort merely to inform an arbitrator in advance of arbitration that he may not grant certain requested relief is hardly consistent with the function of arbitration as an inexpensive and swift alternative forum. Moreover, it serves to take from the arbitrator the power to determine, at least in the first instance, the range of remedies authorized by the agreement, and creates yet another preliminary inquiry to be made by the. courts before ordering arbitration.
*301 Accordingly, I vote to reverse the order of the Appellate Division and reinstate the order of Supreme Court.
Judges Jasen, Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Chief Judge Cooke concurs.
Order affirmed, with costs.