■ CLINTON STRADER, Respondent, v JUNE STRADER, Appellant. — Judgment unanimously affirmed, without costs. Memorandum: In March, 1981, approximately eight months after the effective date of the Equitable Distribution Law, plaintiff husband commenced this action for a conversion divorce premised upon his having lived separate and apart from defendant pursuant to a written separation agreement executed in 1972 (see Domestic Relations Law, § 170, subd [6]). Following a nonjury trial, the court granted plaintiff a divorce; applied the provisions of part B of section 236 of the Domestic Relations Law to award maintenance to defendant in the sum of $30 per week; awarded counsel fees to defendant in the sum of $800; and denied defendant's application that plaintiff be directed to provide a life insurance policy naming defendant as beneficiary (see Domestic Relations Law, § 236, part B, subd 8). Claiming inadequacy, defendant appeals from those parts of the judgment awarding maintenance and counsel fees, and also appeals from the denial of her application concerning the life insurance policy. Plaintiff has not appealed. The parties were married in 1968 and have lived separate and apart since the execution of the separation agreement in 1972, at which time each was gainfully employed, self-sufficient and in good health. Having previously fully disposed of their marital property, the separation agreement required plaintiff, who had adopted defendant's children of a previous marriage, to pay child support, an obligation which plaintiff faithfully performed until the children's

emancipation. Although the agreement made no provision for alimony, it may not be said that the husband was relieved of his obligation in violation of former section 5-311 of the General Obligations Law. When the agreement was executed there was no need, either present or foreseeable, to provide alimony for defendant. Indeed, it appears that under the then attendant circumstances, the wife would not have been entitled to alimony (*Kover v Kover,* 29 NY2d 408; cf. *Hirsch v Hirsch,* 37 NY2d 312). Where it is obvious, as here, that a separation agreement executed prior to July 19, 1980 was intended to be a final and complete resolution of the rights and duties of the parties, it is subject to former statutes and case law, and is not affected by part B of section 236 of the Domestic Relations Law (Domestic Relations Law, § 236, part B, subd 3; *Carner v Carner,* 85 AD2d 589, 590; *Gedraitis v Gedraitis,* 109 Misc 2d 420; *Boss v Boss,* 107 Misc 2d 984; Foster, A Practical Guide to the New York Equitable Distribution Divorce Law, pp 67, 72). This view comports with the over-all policy against retroactive application of part B. Since equitable distribution is not applicable, it was error for the trial court to make an award of maintenance pursuant thereto and it would similarly have been error had the court directed plaintiff to provide a life insurance policy naming defendant as beneficiary. In 1975 defendant was diagnosed as suffering from multiple sclerosis. Her condition has since worsened and she is now disabled. Her total income consists of a disability pension from Eastman Kodak Company in the sum of $298 per month and Social Security disability benefits in the sum of $347 per month. Since she is not entitled to equitable distribution, her right to any award for support is limited to the minimum required to satisfy her basic needs in accordance with the rule of *McMains v McMains* (15 NY2d 283). While ordinarily we would vacate the award of maintenance and remit the matter for determination upon appropriate standards, we choose not to do so here since plaintiff has not appealed and defendant's claim of inadequacy is premised solely upon equitable distribution criteria, as was her proof at trial. Thus we affirm the award, but note that defendant is not foreclosed from receiving an additional award of support upon proper showing. Finally, in concluding that the court did not abuse its discretion in awarding counsel fees of $800, we are not unmindful that defendant accepted child support payments for her youngest child for almost a year without disclosing to plaintiff that the child was employed. (Appeal from judgment of Supreme Court, Monroe County, Curran, J. — divorce — support, attorney's fees.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.