■ Robert Miller, Respondent, v Angela Miller, Appellant. — In a matrimonial action, defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered October 27, 1983, as denied, after a hearing, that branch of her motion which sought to vacate a stipulation of settlement.

Order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for a determination of whether or not the maintenance provision of the stipulation is fair and reasonable within the meaning of section 236 (part B, subd 3) of the Domestic Relations Law.

On the day following commencement of trial of their divorce action, the parties, in open court, entered into a stipulation of settlement. The stipulation provided, *inter alia,* that the plaintiff husband would pay $50 per week in child support for each of the couple's two children and $50 per week in maintenance. At the end of a six-month period, payments for the wife's maintenance were to cease. The agreement further provided that the wife and children were to move out of the marital residence so that it might be sold. The testimony of the parties indicated that

the residence, the couple's only significant marital asset, is worth about $70,000 and is encumbered by a mortgage with an outstanding principal balance of about $24,000. Pending the sale of the residence, the parties were to split the mortgage payments, and, upon a sale, the parties were to divide the proceeds equally.

Approximately one month after entry of the stipulation of settlement, the wife, *inter alia,* moved to vacate it on the grounds of "duress and unconscionability". After a hearing, Special Term, *inter alia,* denied that branch of the motion, holding that the wife failed to sustain her burden of proof. Inasmuch as no credible evidence of duress or overreaching in execution of this agreement was adduced, Special Term properly refused to vacate the stipulation (see, generally, *Christian v Christian,* 42 NY2d 63, 72). However, because the record before us reveals a question as to whether or not the maintenance provision was fair and reasonable at the time of the making of the agreement, the matter should be remitted for a hearing on that issue.

According to section 236 (part B, subd 3) of the Domestic Relations Law, an agreement between the parties may provide "for the amount and duration of maintenance * * * subject to the provisions of section 5-311 of the general obligations law, and provided that such terms were fair and reasonable at the time of the making of the agreement and are not unconscionable at the time of entry of final judgment". Section 5-311 of the General Obligations Law provides that a husband and wife cannot contract to relieve himself or herself of his or her liability to support the other in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge. In this case, the parties do not dispute that the husband's annual gross salary is in excess of $30,000. In contrast, the wife is not employed and has no apparent independent source of income. The wife testified that she is a high school graduate and that she worked as a receptionist-typist before the parties' first child was born in 1975. She stated that, with some training, she would be in a position to seek employment when her youngest son begins school in September, 1984. However that may be, since the time of the agreement, the plaintiff wife has had to seek and accept public assistance in order to make ends meet. In light of the above, we believe that an issue is presented as to whether the maintenance provisions were "fair and reasonable" within the meaning of section 236 (part B, subd 3) of the Domestic Relations Law. Because no evidence of the wife's maintenance needs at the time of the making of the agreement was introduced at

the hearing, we are of the view that another hearing should be held for the limited purpose of accepting such evidence and determining whether the maintenance provisions of the stipulation are "fair and reasonable". Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.