OPINION OF THE COURT
Nicholas Colabella, J.
Motion insofar as it seeks temporary maintenance is granted to the extent that effective November 9, 1993 the judgment of divorce dated December 1, 1986 is modified to provide that, pending further order of the court, defendant shall pay to plaintiff as temporary maintenance $1,500 per month. Arrears shall be satisfied at the rate of $500 per month. Motion insofar as it seeks an award of permanent maintenance and an award of counsel fees is granted to the extent these applications are referred to a hearing.
Domestic Relations Law § 236 (B) (3) makes a separation agreement between the parties as to maintenance subject to the provisions of section 5-311 of the General Obligations Law. That section prohibits the parties from contracting as to the support of a spouse "in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge.” Such agreements are void (Henderson v Henderson, 47 AD2d 801; Slocum v Slocum, 42 AD2d 56, 57). In this case, plaintiff has raised a triable issue based on her uncontroverted psychiatric history, her lack of substantial prior employment, and the long-term nature of the parties’ marriage, as to whether the provisions for limited durational maintenance violated General Obligations Law § 5-311 (cf, Miller v Miller, 104 AD2d 403, 404).
Even assuming arguendo the separation agreement was not void under General Obligations Law § 5-311 because there was no foreseeable risk at the time of execution of the agreement that plaintiff would become a public charge (see, Strader v Strader, 91 AD2d 852, 853; Henderson v Henderson, supra, at 802; Slocum v Slocum, supra, at 58), the court is also empowered under Domestic Relations Law § 236 (B) (9) (b) to consider subsequent unforeseen events causing extreme hardship. That *861 section states in pertinent part: "Upon application by either party, the court may annul or modify any prior order or judgment as to maintenance * * * upon a showing of the recipient’s inability to be self-supporting or a substantial change in circumstance[s] * * * including financial hardship. Where, after the effective date of this part, a separation agreement remains in force no modification of a prior order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party, in which event the judgment or order as modified shall supersede the terms of the prior agreement and judgment for such period of time and under such circumstances as the court determines.”
Plaintiff has established at least prima facie a case of extreme hardship based on her having become an actual public charge and that is sufficient at this stage for this court to award temporary maintenance under Domestic Relations Law § 236 (B) (9) (b) notwithstanding the fact that the parties are now divorced (see generally, 2 Foster, Freed and Brandes, Law and the Family New York § 2:38, at 245, n 10 [2d ed]; cf, Curran v Curran, 169 AD2d 975, 976 [holding separation agreement waiving maintenance was not a bar to award of temporary maintenance where spouse had become a public charge]).
The temporary award is fixed here based on plaintiff’s current financial statement. Defendant has failed to seriously impeach plaintiff’s alleged income and expenses, and defendant has failed to submit any proof as to his current financial circumstances or to controvert plaintiff’s claim that defendant’s financial circumstances have, if anything, improved significantly since the parties’ divorce. The court, therefore, finds that defendant has the capability to pay the interim support awarded which is commensurate with sums previously paid.
The determination at this time as to extreme hardship is made solely for the purposes of the instant award. It is not meant to be conclusive as to the issue. Defendant should have an opportunity at the hearing to establish the validity of the separation agreement as to maintenance when made and to contest plaintiff’s claims that she is presently unable to work.