OPINION OF THE COURT
Leslie E. Stein, J.
The procedural history of this matter set forth in this , court’s decision and order dated May 16, 2003 and the factual background set forth in the decision and order dated December 5, 2002 are incorporated herein. Pursuant to the May 16, 2003 order, a hearing was held on June 2, 2003 regarding plaintiffs motion for temporary maintenance.* As set forth in that order, *909 the threshold issue to be determined was whether plaintiff is a public charge or in danger of becoming a public charge during the pendency of this action.
At the hearing, the court took judicial notice of the motion papers (which were summarized in the May 16, 2003 decision and order). Those papers included, among other things, a statement of net worth, sworn to by plaintiff on March 12, 2003, setting forth monthly expenses of $1,974, income of $848 per month, savings in the amount of $1,800 (representing the balance of moneys paid to her by defendant pursuant to the separation agreement at issue in this action), and no debts other than the mortgage on the former marital residence. Plaintiff established at the hearing that she had savings in the amount of $1,100 and a checking account containing $125. The balance of the $17,000, which she received from defendant in the fall of 2002, had been spent for living expenses and attorney’s fees and she now owes her sister the sum of $3,000 and an unknown additional amount to her attorney for further counsel fees.
Plaintiff is employed by the Cairo-Durham School District as a teacher’s aide. She is paid at the rate of $10 per hour for 6 hours and 20 minutes per day when school is actually in session. In addition, she receives $15.29 per day for one hour of tutoring. Plaintiff does not receive any employment benefits and does not know whether she will continue to be employed in either position after June 25, 2003. According to plaintiff’s 2002 income tax return which was received in evidence at the hearing, she earned wages of $5,962 for that year. She also testified that she applied to the Greene County Department of Social Services for “HEAP” in the fall of 2002, as a result of which she received assistance in the amount of $350.
Plaintiff testified that she does not have summer employment because she assumed that she would be able to stay home with the parties’ children, as she had in the past. She further testified that this assumption had been confirmed in a conversation with defendant approximately two weeks earlier, but that defendant had subsequently advised her that he had made other arrangements for the children several days each week and that he would not make payments to her pursuant to the separation agreement to enable her to remain at home with *910 them. Accordingly, plaintiff testified that she would be looking for summer employment.
On cross-examination, plaintiff testified that she had worked full time prior to the birth of the children. Her employment had included waitressing, working as a nanny and housekeeper and working as a teacher’s aide at the Cerebral Palsy Center for the Disabled. She testified that she had applied for jobs at various school districts and the Center for the Disabled in the summer of 2002 and that she had received offers as a result of every application, some of which included benefits. She further testified that none of the applications were technically for full-time employment and that she had accepted the job paying the highest hourly rate. Plaintiff also testified that, although the position at the Center for the Disabled included some benefits, she would have to travel approximately 40 minutes each way to and from work, as opposed to 20 minutes at her current job. Finally, she testified that she was not disabled and was capable of working full time.
Defendant moved for a directed verdict at the close of plaintiff’s proof and at the conclusion of the hearing; the court reserved decision on both motions. Defendant argues that plaintiff has not established that she is a public charge or in danger of becoming a public charge and that, even if she had, she had voluntarily placed herself in that condition by rejecting full-time employment which would have provided her with benefits and by failing to make reasonable efforts to obtain summer employment. He argues that she should not be entitled, on that basis, to temporary maintenance in derogation of a separation agreement which is valid on its face.
The court’s authority to award temporary maintenance in derogation of a presumptively valid separation agreement is derived from General Obligations Law § 5-311, which provides in relevant part that “a husband and wife cannot contract * * * to relieve either of his or her liability to support the other in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge” (emphasis added). This court is unaware of the existence of a legal definition of the term “public charge.” However, it is apparent from the highlighted language above that the basis for imposing an obligation to support a spouse notwithstanding the terms of an agreement is the inability of the spouse to provide for his or her own support without reliance on the public purse. Thus, unlike a de novo determination of entitlement to maintenance, the threshold determination under the cir *911 cumstances herein does not involve consideration of the length of the marriage, the marital standard of living, the parties’ respective financial circumstances or other similar factors.
In the instant matter, the only basis for concluding that plaintiff is a public charge is her receipt of a one-time HEAP payment. No evidence was presented concerning the nature of that program or the qualifications for receiving assistance and it would be speculative to reach any conclusion as to plaintiffs future eligibility for such assistance. Unlike other cases in which it was determined that the person seeking maintenance was actually receiving public assistance (see Campas v Campas, 61 Misc 2d 49 [1969]) and/or had established extreme hardship (see Lasky v Lasky, 163 Misc 2d 859 [1994]), there has been no proof that plaintiff is actually unable to support herself and is, therefore, receiving public assistance. For example, since no information was presented concerning qualifications for HEAP, this court is unable to determine whether plaintiffs savings were considered. The court notes that, when plaintiff made her first application for temporary maintenance in August 2002, she had most or all of the $17,000 which she had received from defendant pursuant to the separation agreement and that, as of March 12, 2003, she still had approximately $1,800 remaining. Although it is not clear exactly how much remained when plaintiff applied for HEAP, it can be presumed that she had several thousand dollars.
Similarly, the evidence showed that plaintiff has the ability to earn more than she is currently earning. However, it is unknown whether that ability was considered when she applied for HEAP. While the evidence does not necessarily support defendant’s argument that plaintiff would have been financially better off if she had accepted a position at the Center for the Disabled, she could, at the very least, supplement her current employment with other part-time employment, such as waitressing. It is clear that she has made little or no effort to do so. Moreover, there is no evidence that plaintiff will be unable to obtain summer income from some source, whether it be support from defendant pursuant to the terms of the separation agreement or employment or both. Although plaintiffs desire to spend time with her children is laudable and understandable, a reasonable balance is necessary between that desire and the obligation to provide for her own support unless and until the parties’ separation agreement is set aside.
In sum, it is the opinion of this court that General Obligations Law § 5-311 was not intended to apply in situations such *912 as this, where the spouse requesting maintenance had received only a one-time subsidy, was capable of self-support and was not dependent on ongoing public assistance to meet his or her basic needs. Accordingly, this court concludes that the evidence is insufficient to establish that plaintiff is a public charge or in danger of becoming a public charge within the meaning and intent of that statute. In the absence of such proof, “[proceeding to trial with all due haste is the most effective way to remedy any inequity” (Breen v Breen, 114 AD2d 920, 921 [1985]). Therefore, plaintiff’s motion for temporary maintenance is hereby denied.

 Inadvertently, the May 16, 2003 order did not direct that the hearing address plaintiffs application for temporary counsel fees. Accordingly, on the *909 date of the hearing, neither party’s attorney was prepared to proceed with respect to same and that portion of the pending motion was adjourned without date.