■ RONNIE STERN, Appellant-Respondent, v IRVING STERN, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered November 17, 1977, which, after a nonjury trial, dismissed both the complaint and the counterclaim, each of which, *inter alia,* sought a divorce. Judgment modified, on the law and the facts, by adding to the first decretal paragraph thereof, after the provision that the complaint is "dismissed in all respects on the merits," the following: "except that the separation agreement, dated June 18, 1974 is set aside and rescinded". As so modified, judgment affirmed, with costs to respondent-appellant, and action remanded to the Special Term for further proceedings consistent herewith. It appears that from 1972 onward the parties had substantial marital difficulties stemming from the fact that they had each engaged in adultery. On June 18, 1974 the parties executed a separation agreement which provided, *inter alia,* that (1) the plaintiff wife would receive no support during the period of their separation, (2) in the event of divorce, the defendant husband would have no obligation to support the plaintiff and (3) the marital residence, which was solely owned by the plaintiff, would be sold to the defendant for $40,000 (the defendant assumed an existing mortgage of approximately $15,000), for which the defendant paid no money outright to his wife, but rather gave her a noninterest bearing purchase money mortgage. It further appears that both parties agreed at the trial that the house had been worth at least $80,000 on the date of the separation agreement. The defendant testified that he had made improvements on the house during the course of the marriage and he valued those improvements at approximately $30,000. The plaintiff had not been represented by independent counsel in negotiating the separation agreement; rather, defendant's attorney prepared the entire agreement. The separation agreement must be rescinded. The Court of Appeals, in the recent case of *Christian v Christian* (42 NY2d 63, 72) stated: "Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith * * * Equity is so zealous in this respect that a separation agreement may be set aside on grounds that would be insufficient to vitiate an ordinary contract". The standard to be applied in reviewing separation agreements was stated as follows (pp 72-73): "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching * * * In determining whether a separation agreement is invalid, courts may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution. If the execution of the agreement, however, be fair, no further inquiry will be made." Here, the separation agreement was not fair when it was executed. The provision which purports to vitiate the husband's support obligation in the event of divorce is expressly violative of section 5-311 of the General Obligations Law. In addition, the plaintiff's house was sold to defendant for approximately $25,000 less than its agreed value at the date of the separation agreement. Finally, the plaintiff agreed to take back a

purchase-money mortgage in the amount of $40,000 *on which no interest was to be paid.* In short, the terms of the agreement give rise to an inference of overreaching, for they are manifestly unfair to the plaintiff, and were unfair when the agreement was executed. No competent attorney would have permitted plaintiff to sign that separation agreement. Since the separation agreement is rescinded in its entirety, the sale of the house is necessarily rescinded. It is elementary in the law of rescission that the rescinding party must return the benefits received under the rescinded agreement. However, at this point, it is impossible, on the record before us, to determine the equity that each party currently has in the house. For example, the moneys paid to plaintiff under the purchase-money mortgage will have to be returned to defendant. Defendant also claims that he is entitled to compensation for the postseparation improvements that he has made to the house. We note that defendant is not entitled to credit for the improvements to the house made prior to the separation. Finally, some provision will have to be made to compensate plaintiff for the fact that defendant has lived rent free in her house since 1974. Accordingly, the action has been remanded to Special Term for the resolution of those and all other pertinent issues. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.