■ NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v GLORIA CARMICHAEL, Also Known as LITTLE, Appellant.—In a proceeding pursuant to section 651 of the Family Court Act for an order placing custody of the minor children of the appellant with the petitioner, the appeal is from an order of the Family Court, Nassau County, entered May 20, 1977, which granted said relief. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing and determination consistent herewith. A new hearing is required so that there may be testimonial evidence by a psychological expert of the potential risks, if any, to the appellant's children should they be returned to her care, and whether their "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a result of their mother's mental condition (see Family Ct Act, § 1012, subd [f], par [i]; Matter of Millar, 35 NY2d 767). We note that in the future, neglect proceedings should be brought in the correct form (see Family Ct Act, § 611; Family Ct Act, art 10; Social Services Law, § 384-b). Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.

■ ELLIOT M. PERRY, Appellant, v EVA D. PERRY, Respondent.—In an action to set aside a separation agreement, the plaintiff husband appeals from a judgment of the Supreme Court, Suffolk County, entered September 13, 1977, which, inter alia, (1) dismissed his complaint and (2) awarded the defendant wife a divorce on her counterclaim based upon the parties having lived apart for a period in excess of one year pursuant to the separation agreement. Judgment affirmed, with costs. The parties entered into a separation agreement on June 4, 1975, which had been drafted by one attorney, a friend of both parties. While the practice of one attorney representing both parties in the preparation of a separation agreement has been severely criticized, we agree with the trial court that, in this instance, the attorney managed to preserve neutrality and that the agreement was arrived at fairly, without overreaching by either spouse. Furthermore, the substantive provisions of the agreement itself are, in toto, fair and equitable. Hence, the doctrine that a separation agreement should be rescinded because it was not fair when made has no application (see Christian v Christian, 42 NY2d 63, 71-73; cf. Stern v Stern, 63 AD2d 700). Accordingly, no grounds exist to set it aside. We have considered the other contentions of appellant and find that they lack merit. Latham, J. P., Damiani, Margett and Hawkins, JJ., concur.