■ LISA B. PERLMUTTER, Appellant, v FRED C. PERLMUTTER, Respondent. —In a matrimonial action, the plaintiff wife appeals from (1) an order of the Supreme Court, Westchester County, dated December 22, 1977, which, upon her default, *inter alia,* modified the provisions of a judgment of divorce with respect to the defendant husband's visitation rights with the children of the parties, and (2) stated portions of a further order of the same court, dated January 31, 1978, and amended on March 9, 1978 and April 10, 1978, which, *inter alia,* denied her motion to vacate such default and for a hearing with respect to the validity of a separation agreement dated October 18, 1975. Appeal from the order dated December 22, 1977 dismissed. No appeal lies from an order entered on default. Order dated January 31, 1978 (as amd) modified, on the law, by deleting the paragraphs thereof labeled "(b) (c)", "(d) (i)" and "(n)", and substituting therefor provisions (1) vacating plaintiff's default in opposing the motions which resulted in the orders dated September 16, 1977 and December 22, 1977 and vacating the said orders, (2) directing that a hearing be held on plaintiff's application to set aside the separation agreement and (3) consolidating this action with an action pending in the Supreme Court, Westchester County, entitled "Lisa Turco, plaintiff, v. Fred Cumens Perlmutter, defendant." As so modified, order (as amd) affirmed insofar as appealed from, and action remanded to Special Term for further proceedings consistent herewith. Plaintiff is awarded one bill of $50 costs and disbursements. The parties entered into a separation agreement dated October 18, 1975 which provided the basis for a subsequent conversion divorce in November, 1976 (see Domestic Relations Law, § 170, subd [6]). It is alleged by the wife that this separation agreement was drafted solely by the husband, an attorney admitted to practice in New York, and without the benefit of independent counsel representing her interests. Pursuant to the separation agreement, which survived and did not merge into the judgment, *inter alia,* the wife agreed to *waive* her right to present and future alimony and, in return, the husband agreed to transfer all his right, title and interest in the marital home to the wife, *provided* that she assume sole liability on the mortgage debt of two mortgages which, it is alleged, collectively *exceed* the fair market value of the residence. It is further alleged by the wife that she executed the agreement only as a result of the coercion and duress of the husband, who forced her to sign it without affording her an opportunity to read it. Upon this record, the circumstances surrounding the execution of the separation agreement, as well as the presumptive unfairness of the foregoing terms, create an inference of

overreaching and unconscionability sufficient, at the minimum, to require a hearing as to the serious allegations of the wife concerning the validity of the agreement (see *Christian v Christian,* 42 NY2d 63, 71-73; *Stern v Stern,* 63 AD2d 700; cf. General Obligations Law, § 5-311). To the extent that the case of *Fink v Goldblatt* (18 AD2d 629, affd 13 NY2d 957), relied upon by Special Term, requires a contrary conclusion, it must be deemed to have been implicitly overruled by *Christian (supra).* Further, Special Term's denial of plaintiff's motion to vacate her default in opposing two previous motions by the defendant (which resulted in the orders dated Sept. 16, 1977 and Dec. 22, 1977) constituted an abuse of discretion (see *Oloff v Oloff,* 54 AD2d 584). At the hearing to be held upon the remand, the wife should be given an opportunity to demonstrate why the judgment of divorce should not be amended to include the husband's visitation schedule (subject to the findings of the Family Court as to whether such visitation schedule is in the best interests of the children). Finally, plaintiff's application for consolidation should have been granted inasmuch as the facts underlying the action to set aside the separation agreement are intricately related to this matrimonial action (see CPLR 602). Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.