■ ELLEN ROSENHECK, Appellant-Respondent, v DAVID ROSENHECK, Respondent-Appellant.—In an action, *inter alia,* for arrears allegedly due under a separation agreement, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered September 21, 1978 (as resettled by an order of the same court, dated January 9, 1979) which, after a hearing, *inter alia,* (1) set aside the separation agreement on the grounds of overreaching and unconscionability, and (2) dismissed the plaintiff wife's cause of action for arrears due under the agreement. Judgment, as resettled, affirmed, with costs to the defendant. The record establishes by clear and convincing evidence the propriety of the trial court's conclusion that the separation agreement in issue was unconscionable, and the product of overreaching and a breach of fiduciary duties by the plaintiff wife (see *Christian v Christian,* 42 NY2d 63; *Stern v Stern,* 63 AD2d 700). The fact that the separation agreement was subsequently incorporated into a foreign divorce decree is no bar to the Supreme Court setting it aside (see *Perlmutter v Perlmutter,* 65 AD2d 601). Finally, we also agree with the trial court that the award of alimony and exclusive possession of the marital residence was proper under the circumstances (cf. *Matter of Seitz v Drogheo,* 21 NY2d 181). Damiani, J. P., Titone, Margett and Mangano, JJ., concur.

■ CARL STROEM et al., Respondents, v MET FOODS, INC., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Nassau County, dated October 5, 1978, which denied its motion to dismiss the complaint for failure to prosecute (see CPLR 3216). Order affirmed, without costs or disbursements, on condition that plaintiffs pay the sum of $350 to the defendant, within 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof; in the event such condition is not complied with, order reversed, with $50 costs and disbursements, and defendant's motion to dismiss the complaint granted. In the circumstances of this case, it was not an abuse of discretion to deny defendant's motion to dismiss for want of prosecution (see CPLR 3216). However, costs are being imposed to emphasize that the statutory rules of procedure and the rules of this court cannot be ignored. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.