■ ROBERT J. ZEMAN, Respondent, v FRANCES ZEMAN, Appellant. (Action No. 1.) BENTLY REALTY, INC., Respondent, v ROBERT ZEMAN, Respondent, and FRANCES ZEMAN, Appellant. (Action No. 2.)—In a matrimonial action, defendant Frances Zeman appeals (1) from an order of the Supreme Court, Suffolk County, dated June 15, 1979, which denied her motion to consolidate the matrimonial action with a pending District Court action to recover a brokerage commission, and (2) as limited by her brief, from so much of a further order of the same court, dated July 25, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated June 15, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated July 25, 1979 affirmed insofar as appealed from, without costs or disbursements. On the record before us, we cannot say that Special Term abused its discretion in denying the appellant's motion to consolidate. The action for a brokerage commission was not so related to the matrimonial action as to present significant common questions of law or fact. (Cf. *Perlmutter v Perlmutter,* 65 AD2d 601.) Moreover, consolidation here would result in substantial delay with respect to the action for the commission, which is presently ready for trial. (See *Adler v Adler,* 57 AD2d 1014.) Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.

■ MARGARET J. ZSEDEL, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated June 5, 1978 and made after a *de novo* fair hearing, which affirmed the determination of the local agency denying petitioner's application for medical assistance. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination was supported by substantial evidence. Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.