■ MURIEL M. FREIMOUR, Appellant, v JACOB FREIMOUR, Respondent. — In an action, *inter alia,* to rescind a separation agreement and impress a constructive trust on the marital residence, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated August 20, 1979, which, after a nonjury trial, dismissed the complaint. Judgment affirmed, with costs. The record clearly establishes the propriety of the trial court's conclusion that the separation agreement in issue was fair and not unconscionable or the product of overreaching. (See *Christian v Christian,* 42 NY2d 63.) The substantive terms of the agreement and the negotiations were fair and thus the agreement should not be

rescinded. (See *Perry v Perry,* 64 AD2d 625.) Moreover, appellant's satisfaction with the agreement was demonstrated when, without alleging coercion or overreaching, she utilized it to obtain a conversion divorce as well as two separate increases of child support during the past four years. In addition, while the practice of one attorney representing both parties in the preparation of a separation agreement has been criticized, the attorney herein was able to maintain neutrality, and the agreement was fairly established without over-reaching by either party. Under the particular facts and circumstances of this case, the agreement need not be set aside because one attorney represented both parties. (See *Perry v Perry, supra.)* Finally, appellant was barred from raising the issue of a constructive trust on the marital residence by the Statute of Limitations, as well as the release clause in the separation agreement. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.