■ MYRNA P. LEVINE, Appellant, v TERRY J. LEVINE, Respondent. — In an action to set aside a separation agreement, the plaintiff wife appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated March 25, 1980, which, after a nonjury trial, dismissed the complaint. Judgment reversed, on the law, and facts, with costs, and judgment is granted plaintiff setting aside the separation agreement. The separation agreement in question was drawn by counsel for the husband. The wife was not represented by independent counsel; her only legal assistance was rendered to her by her husband's counsel. Upon this record, we conclude that the circumstances evince a sufficient degree of overreaching on the part of the husband to require that this separation agreement be set aside. We take this opportunity once again to condemn the practice of one attorney representing both parties to a separation agreement (see *Perry v Perry,* 64 AD2d 625). If a particular agreement drawn up by one attorney representing both parties, and freely agreed to by the parties with knowle•ge and an understanding of its terms, is

fair to both parties and free of any evidence of overreaching, the agreement will not be set aside by a court (see *Perry v Perry, supra)*. Nevertheless, the practice is to be avoided, due to the inherent danger involved of neglecting the interests of one of the parties during the trying and emotional period of a marriage dissolution. The court also erred in failing to grant plaintiff's application to exclude the key nonparty witness from the courtroom during the taking of testimony from other witnesses. Although the determination as to whether a nonparty witness should be so excluded is normally left to the sound discretion of the trial court (see *People v Felder,* 39 AD2d 373, affd 32 NY2d 747, app dsmd *sub nom. Felder v New York,* 414 US 948; Richardson, Evidence [10th ed — Prince], § 460), we hold that the court abused its discretion here. The witness whom plaintiff sought to have excluded was the attorney who had represented both parties during the drafting of the separation agreement, and as such, his role in this matter was the crux of the case. There is nothing in the record to indicate any reason for the trial court's denial of the application, other than a statement by the court that the witness was a lawyer. "The practice of excluding witnesses from the courtroom except while each is testifying is to be strongly recommended" *(Williamson v United States,* 310 F2d 192, 198). In this instance, the request to exclude the witness from the courtroom should have been granted. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.