■ BARBARA BARTLETT, Appellant, v GEORGE M. BARTLETT, Respondent. — In an action, *inter alia,* to set aside a separation agreement, plaintiff wife appeals from an order of the Supreme Court, Kings County (Cooper, J.), dated January 20, 1981, which dismissed the complaint. Order reversed, on the law and the facts, with costs, and it is directed that relief is granted to the plaintiff to the extent of setting aside the separation agreement. The separation agreement was drafted by an attorney who, as a review of the record reveals, acted essentially as the defendant husband's attorney. The plaintiff was not represented by independent counsel, and her only legal assistance was that rendered by defendant's attorney. This court has repeatedly condemned the practice of one attorney representing both parties in the preparation of a separation agreement (see *Perlmutter v Perlmutter,* 65 AD2d 601; *Levine v Levine,* 83 AD2d 606), and we have held that in such a situation, an inference of overreaching on the part of the party who is the prime beneficiary of the assistance of the attorney may be drawn (see *Perlmutter v Perlmutter, supra;* cf. *Christian v Christian,* 42 NY2d 63; *Stern v Stern,* 63 AD2d 700). Such an inference is, of course, rebuttable if it appears that the separation agreement is fair and equitable, or that both parties freely agreed to its terms with a thorough understanding thereof (see *Perry v Perry,* 64 AD2d 625; *Levine v Levine, supra).* But we cannot say that the separation agreement here is either fair or equitable. The plaintiff waived her right to receive alimony, even though her yearly income was approximately $500 whereas the defendant's was approximately $30,000. Nor did plaintiff have an understanding of the ramifications of the separation agreement; she stated that had she known that the separation could be converted into a divorce and that she would thereby lose her right of inheritance from the defendant's estate, she would not have signed the agreement. We conclude that the separation agreement was the product of overreaching and hence, pursuant to the rule of *Christian v Christian (supra),* must be set aside. Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.