■ STEPHEN D. CURRAN, Respondent, v SUZANNE C. CURRAN, Appellant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered December 8, 1989 in Dutchess County, which, *inter alia,* denied defendant's motion for temporary maintenance.

The parties were married in 1969 and they separated pursuant to an agreement executed in 1977. Neither party has sought to have the separation agreement set aside for fraud, duress, overreaching or unconscionability. Plaintiff commenced this action for divorce in April 1988, alleging that the parties had lived separate and apart for more than one year following the execution of the separation agreement and that he had complied with the terms of that agreement. Defendant's answer included counterclaims seeking a college fund for the parties' child and an increase in child support. No request for maintenance was included in defendant's answer. Defendant then moved for "an upward modification of child support, maintenance, and counsel fees, *pendente lite*" in May 1989, and plaintiff cross-moved for summary judgment granting him a divorce. The cross motion was granted, but a

judgment has not yet been entered since there remains a pending issue concerning child support arrears. In the order on appeal, defendant's motion for an upward modification of child support and for counsel fees was granted, but her application for temporary maintenance was denied.

Initially, we reject defendant's attempt to raise the question of her entitlement to permanent maintenance. Her motion papers appear to seek only pendente lite relief, and Supreme Court clearly ruled only on defendant's request for temporary maintenance. Next, we reject plaintiff's contention that defendant is precluded from seeking temporary maintenance by the terms of the separation agreement which provide no maintenance for defendant and include a waiver of defendant's right to support and maintenance. Defendant alleges that she is unable to support herself and, therefore, has become a public charge. Since a husband and wife cannot contract "to relieve either of his or her liability to support the other in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge" (General Obligations Law § 5-311), the separation agreement cannot bar a ruling on the merits of defendant's claim that she has become a public charge. Supreme Court made no inquiry into the merits of defendant's claim and its decision denying defendant's application contains no factual findings on the issue and no reason for the denial. The matter must, therefore, be remitted for further proceedings, including a hearing if necessary, and a decision on the merits, accompanied by relevant factual findings and reasons.

Order modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for temporary maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.