■ MARSHALL BLOOMFIELD, Appellant, v BARBARA BLOOMFIELD, Respondent. [712 NYS2d 490] —Order, Supreme Court, Bronx County (Judith Gische, J.), entered on or about November 5, 1999, which held unenforceable the parties' prenuptial agreement and directed plaintiff to pay $40,000 in counsel fees, $5,000 in accountant fees, and $20,000 in appraisal fees, unanimously modified, on the law, to the extent of setting aside the prenuptial agreement as unconscionable, and otherwise affirmed, without costs.

Marshall and Barbara Bloomfield separated in January 1995, after 25 years of marriage. Two of their three children had reached majority; the youngest was 20 years of age. Marshall initiated divorce proceedings in August 1995. Barbara answered and counterclaimed, demanding, *inter alia*, equitable distribution. Discovery proceeded. In September 1997, a preliminary conference order was issued indicating that equitable distribution issues were outstanding and unresolved, and that Marshall intended to rely on a prenuptial agreement as a defense.

At the time they were married, Marshall was about 30 years old, a practicing attorney, and the son of a practicing attorney who was involved in real estate and owned various properties and who placed real estate properties in Marshall's name. Barbara was 24 and had finished one year of college. Two months before the wedding in May 1969, after the wedding ar-

rangements had been made and the invitations sent out, Marshall asked Barbara to sign a document in which she waived certain property and elective rights. Barbara claims they were alone in her apartment; Marshall claims they were at his father's office with a notary present. In any event, Barbara was not represented by counsel in the negotiating, drafting or signing of the document, and she signed it.

The document reads, in toto:

"I, BARBARA FRIEDLANDER, in order to induce MARSHALL E. BLOOMFIELD, to marry me, and for the consideration of a Lady's Wedding Ring, the receipt of which is hereby acknowledged, (which I have had appraised by Marcus & Co., Inc., located in Gimbel Bros., 33rd Street in New York City, Invoice No. 69630) appraised at the value of one-thousand and six-hundred dollars ($1,600.00), and for the consideration of Marshall's promise to maintain a life insurance policy on his life payable to me upon his death (should he die before me) in the amount of ten-thousand dollars ($10,000), and for other good and valuable consideration, do hereby WAIVE AND RENOUNCE ANY AND ALL RIGHTS that, and to which, I would otherwise be entitled to because of such marriage, whether present or future rights, to any and all property which Marshall has now, or which he may acquire in the future, whether the same be real, personal, [or] mixed property, or of any kind or nature and wherever situated, and I do further expressly WAIVE THE RIGHT OF ELECTION to take, or to make any demand for, contrary to the provisions of Marshall's last will and testament, pursuant to the provisions of § 5-1.1 of the Estates, Powers and Trusts Law of the State of New York, as said section now exists or may hereafter be amended.

"I understand the meaning of the above, and I make each and every statement contained in this agreement of my own free will and accord. Copy received."

It is patently unconscionable.

An unconscionable bargain has come to be defined as one " ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and no honest and fair [person] would accept on the other" ' (*Hume v United States*, 132 US 406, 411), the inequality being ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' (*Mandel v Liebman*, 303 NY 88, 94)" (*Christian v Christian*, 42 NY2d 63, 71). This prenuptial agreement, which provides for no division of property at the end of the marriage, without regard for when, how or why it ends, and absolutely no right of election, is manifestly unfair

(*see, e.g., Clermont v Clermont*, 198 AD2d 631, *lv dismissed* 83 NY2d 953; *see also, Tartaglia v Tartaglia*, 260 AD2d 628; *Weinstock v Weinstock*, 167 AD2d 394, *lv denied* 86 NY2d 705; *Yuda v Yuda*, 143 AD2d 657; *Bartlett v Bartlett*, 84 AD2d 800; *Stern v Stern*, 63 AD2d 700, *lv dismissed* 45 NY2d 712). No rational person would agree to this arrangement and no fair and honest person would accept it (*see, Clermont v Clermont, supra*, at 633). Equity must intervene to prevent an injustice (*see, Christian v Christian, supra*, at 71). The agreement must be set aside. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ. [Recalled and vacated 281 AD2d — (Mar. 22, 2001).]