MAUREEN TUCCILLO, Respondent, v ROY TUCCILLO, Appellant. [779 NYS2d 234]—

In an action to rescind a separation agreement and to vacate a judgment of divorce entered September 8, 2000, the defendant appeals from an order of the Supreme Court, Nassau County

(Mahon, J.), entered January 29, 2003, which, after a nonjury trial, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015 to relieve her from the provisions of the judgment of divorce, inter alia, on the ground of fraud.

Ordered that the order is affirmed, with costs.

Stipulations of settlement are favored by the courts and are not lightly set aside (*see Middleton v Middleton,* 174 AD2d 655 [1991]). However, where a stipulation of settlement in a matrimonial action is manifestly unfair and one-sided due to a spouse's overreaching, it can be rescinded (*see Christian v Christian,* 42 NY2d 63, 72-73 [1977]). Moreover, evidence that one attorney ostensibly represented both parties to a settlement agreement raises an "inference of overreaching on the part of the party who is the prime beneficiary of the assistance of the attorney," which may be rebutted if it appears that the agreement "is fair and equitable, or that both parties freely agreed to its terms with a thorough understanding thereof" (*Bartlett v Bartlett,* 84 AD2d 800 [1981]; *see Kavanagh v Kavanagh,* 2 AD3d 688 [2003]). Since the defendant failed to rebut the inference of overreaching, the Supreme Court properly found that the stipulation of settlement was the product of his overreaching, and therefore, rescinded it (*see Gilbert v Gilbert,* 291 AD2d 479 [2002]; *Vandenburgh v Vandenburgh,* 194 AD2d 957, 958 [1993]; *Arrow v Arrow,* 133 AD2d 960 [1987]).

The Supreme Court also properly vacated the judgment of divorce. The attorney who ostensibly represented both parties to the stipulation of settlement, represented that he was the plaintiff's attorney in papers resubmitted to the Supreme Court which previously were rejected by the court in the course of the divorce action. According to the plaintiff, when she learned that the Supreme Court rejected the papers, she instructed the attorney not to resubmit them, and to do nothing further on her behalf. By that time, the plaintiff retained independent counsel to commence this action. Nonetheless, the papers were resubmitted, naming the wife as the plaintiff in the divorce action. Under these unique circumstances, the judgment of divorce was properly vacated. Goldstein, J.P., Luciano, Mastro and Lifson, JJ., concur.