LUMA A. HADI, Respondent, v ALI S. HADI, Appellant. [824 NYS2d 797]—

Rose, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered April 26, 2006 in Tompkins County, which, inter alia, partially granted plaintiff's motion for certain pendente lite relief.

The parties, who were married in Egypt in 1975 and moved to New York in 1980, have four children, one of whom is less than 21 years old. In 2004, the Tompkins County Support Collection Unit commenced a support proceeding in Family Court on plaintiff's behalf. The parties ultimately executed a postnuptial agreement specifying, among other things, the amounts of spousal and child support to be paid by defendant, and the Support Magistrate incorporated this agreement into an order of Family Court. In 2006, plaintiff commenced this action seeking a divorce and rescission of the postnuptial agreement on the grounds that she executed it under extreme economic duress and it is unconscionable. When plaintiff moved for an order granting temporary financial relief and compelling disclosure, defendant resisted, based upon the agreement, and cross-moved for an order dismissing plaintiff's cause of action for rescission. Supreme Court partially granted plaintiff's motion and denied defendant's cross motion, prompting this appeal by defendant.

Defendant first contends that plaintiff's claim for rescission should have been summarily dismissed because she failed to raise an issue of fact as to duress. We disagree. To obtain summary judgment, defendant had the initial burden of presenting competent admissible evidence showing that plaintiff's claim has no merit (*see* CPLR 3212 [b]). Although defendant's counsel argued that the agreement was a fair compromise of the parties' claims that was approved by Family Court, defendant did not submit his own affidavit denying plaintiff's allegations that he had threatened to sell the marital residence, return to Egypt, cut off all support to her and place his assets out of her reach. Also, the agreement appears unfair on its face since it purports to terminate all support upon plaintiff's commencement of a divorce action, distributes no marital property to her, waives her rights to defendant's bank accounts, and fails to comply with Family Ct Act § 413 (1) (h) by deviating from the Child Support Standards Act guidelines without stating what the guideline amount would be or the reasons why a lower amount was agreed to. Even if we were to agree that defendant's submissions satisfied his initial burden, we would find that the evidentiary facts presented by plaintiff raise triable issues as to duress, overreaching and unconscionability (*see Clermont v Clermont*, 198 AD2d 631, 632-633 [1993], *lv dismissed* 83 NY2d 953 [1994]; *Mahar v Mahar*, 111 AD2d 501, 502-503 [1985]).

We are also unpersuaded by defendant's contention that Family Court's acceptance and incorporation of the postnuptial agreement precludes plaintiff from litigating its economic fairness in this action. The record of the Family Court proceeding indicates that the court declined to decide the enforceability of the agreement and merely suspended an existing support order pending reinstatement upon an appropriate petition. As for defendant's argument that any claim for rescission was waived by plaintiff's ratification of the agreement, we note that a spouse will not necessarily be held to have ratified an agreement if it is found to be the product of duress and overreaching (*see Arrow v Arrow*, 133 AD2d 960, 961 [1987]; *Perl v Perl*, 126 AD2d 91, 96 [1987]). Again, there are material questions of fact in this regard.

Nor did Supreme Court err in granting temporary maintenance and interim appraisal and expert fees. As for maintenance, there appears to be no dispute that plaintiff has received no support from defendant pursuant to the agreement, or otherwise, since January 2006 and she is unable to support herself due to health problems. Her net worth statement claims income, without any support from defendant, of $626 per

month, an amount well below the applicable federal 2006 poverty guideline (*see* http://aspe.hhs.gov/poverty/06poverty.shtml, cached at http://www.courts.state.ny.us/reporter/webdocs/2006_Federal_Poverty_Guidelines.htm). Thus, it appears that she is likely to become a public charge, a circumstance that would permit an award of maintenance despite the postnuptial agreement (*see* General Obligations Law § 5-311; *Bloomfield v Bloomfield*, 97 NY2d 188, 194 [2001]; *Curran v Curran*, 169 AD2d 975, 976 [1991]; *Moat v Moat*, 27 AD2d 895, 896 [1967]). Also, the agreement does not expressly preclude an award of appraisal and expert fees in a subsequent divorce action.

However, we do agree with defendant that, so long as the postnuptial agreement remains in effect, his current financial condition is not in issue because the relevant time for disclosure of such is July 7, 2004, when the parties executed the agreement (*see Demis v Demis*, 150 AD2d 835, 835 [1989]). Inasmuch as his financial condition on that date is relevant, however, we will amend Supreme Court's order to require that, on or before 30 days from the date of this decision, defendant shall provide a statement of net worth that reflects his financial condition on July 7, 2004.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed defendant to provide an updated statement of net worth; defendant is directed to submit and serve a statement of net worth reflecting his financial condition on July 7, 2004, within 30 days of the date of this Court's decision; and, as so modified, affirmed.