ANTHONY PIPPIS, Appellant, v ELENI PIPPIS, Respondent. [892 NYS2d 771]—

"A separation agreement in a divorce proceeding may be vacated if it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable, or

there exists fraud, collusion, mistake, or accident" (*Frank v Frank*, 260 AD2d 344, 345 [1999]; *see Christian v Christian*, 42 NY2d 63 [1977]). "Separation agreements may be set aside [as unconscionable] if their terms evidence a bargain so inequitable that no reasonable and competent person would have consented to it" (*Bright v Freeman*, 24 AD3d 586, 588 [2005]; *see Christian v Christian*, 42 NY2d at 71; *Yuda v Yuda*, 143 AD2d 657, 658 [1988]). "Moreover, evidence that one attorney ostensibly represented both parties to a settlement agreement raises an 'inference of overreaching on the part of the party who is the prime beneficiary of the assistance of the attorney' " (*Tuccillo v Tuccillo*, 8 AD3d 659, 660 [2004], quoting *Bartlett v Bartlett*, 84 AD2d 800, 800 [1981]; *see Herrington v Herrington*, 56 NY2d 580, 582 [1982]; *Rosenzweig v Givens*, 62 AD3d 1, 5 [2009], *affd* 13 NY3d 774 [2009]; *Gilbert v Gilbert*, 291 AD2d 479, 480 [2002]). "Such an inference is, of course, rebuttable, if it appears that the separation agreement is fair and equitable or that both parties freely agreed to its terms with a thorough understanding thereof" (*Bartlett v Bartlett*, 84 AD2d at 800; *see Tuccillo v Tuccillo*, 8 AD3d at 660).

Here, it is undisputed that the defendant was not represented by counsel at any point during the relevant time period. According to the plaintiff, his attorney drafted the stipulation of settlement dated August 8, 2002 (hereinafter the stipulation), and only one attorney was present at the signing. Under these circumstances, and where the terms of the stipulation "evidence a bargain so inequitable" in favor of the plaintiff "that no reasonable and competent person" would have consented to the defendant's end of the bargain (*Bright v Freeman*, 24 AD3d at 588), an inference of overreaching on the part of the husband was raised (*see Rosenzweig v Givens*, 62 AD3d at 5; *Tuccillo v Tuccillo*, 8 AD3d at 660; *Gilbert v Gilbert*, 291 AD2d at 480; *Bartlett v Bartlett*, 84 AD2d at 800). Since the plaintiff failed to rebut the inference, the Supreme Court properly determined that the stipulation was the product of his overreaching, and granted the defendant's motion to set it aside.

Likewise, the Supreme Court properly rejected the plaintiff's ratification argument, since the defendant "received virtually no benefits from the agreement and thus cannot be said to have ratified it" (*Arrow v Arrow*, 133 AD2d 960, 961 [1987]; *see Hadi v Hadi*, 34 AD3d 1153, 1154 [2006]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.