■ Gerald Kessler, Respondent, v Betty Kessler, Appellant. [931 NYS2d 702]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On June 10, 1980, after 25 years of marriage, the parties entered into a separation agreement, which provided that the plaintiff husband would, among other things, make payments to the defendant wife for her support and maintenance and for the mortgage and carrying costs relating to the marital residence, where the defendant continued to reside. The plaintiff complied with the terms of the separation agreement and, in 2009, he commenced this action for a conversion divorce. In response to the plaintiff's motion for summary judgment, the defendant submitted an affidavit asserting that the plaintiff had procured the separation agreement through fraud and duress, and that

the agreement was unconscionable. The defendant alleged, among other things, that the plaintiff had concealed from her his vast wealth, and had induced her to enter into the separation agreement at a time when, unbeknownst to her, New York's equitable distribution law was about to be enacted. The Supreme Court granted the plaintiff's motion for summary judgment, and subsequently entered a judgment of divorce, which, inter alia, directed the parties to comply with the terms of the separation agreement which was incorporated, but not merged into, the judgment of divorce. The defendant appeals.

A party who "accepts the benefits provided under a separation agreement for any considerable period of time" is deemed to have ratified the agreement and, thus, "relinquishes the right to challenge that agreement" (*Wasserman v Wasserman*, 217 AD2d 544, 544 [1995]; *see Cosh v Cosh*, 45 AD3d 798, 800 [2007]; *Torsiello v Torsiello*, 188 AD2d 523, 524 [1992]). By contrast, when a party "received virtually no benefits from the agreement," he or she "cannot be said to have ratified it" (*Pippis v Pippis*, 69 AD3d 824, 825 [2010], *see Arrow v Arrow*, 133 AD2d 960, 961 [1987]).

Assuming the truth of the allegations set forth in the defendant's affidavit, the benefits she received pursuant to the separation agreement were far less than those she likely would have received had there been an equitable distribution of the assets accumulated during the marriage. The record, however, does not support a finding that the defendant received "virtually no benefits" from the agreement (*Pippis v Pippis*, 69 AD3d at 825). Moreover, while "a spouse will not necessarily be held to have ratified an agreement if it is found to be the product of duress and overreaching" (*Hadi v Hadi*, 34 AD3d 1153, 1154 [2006]), the disadvantage to the defendant created by the alleged fraud and duress in this case cannot be deemed to have persisted throughout the 29-year period during which the defendant accepted the benefits of the separation agreement without challenging it (*see Beutel v Beutel*, 55 NY2d 957, 958 [1982] ["nothing in the complaint or the affidavits suggests that plaintiff's claimed incapacity continued through the two years during which the contract was effective and fully performed by defendant, and the benefits received by plaintiff"]; *Cosh v Cosh*, 45 AD3d at 801; *Wasserman v Wasserman*, 217 AD2d at 544-545).

Thus, the plaintiff made a prima facie showing that the defendant ratified the separation agreement. In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment.

In light of our determination, we need not address the parties' remaining contentions. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.