Majid v Hasson (2023 NY Slip Op 01035)

Majid v Hasson

2023 NY Slip Op 01035

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

534093
[*1]Mohammed A. Majid, Respondent,
v
Fatat A. Hasson, Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Whiteman Osterman & Hanna LLP, Albany (Anthony R. Bjelke of counsel), for appellant.
Cometti Law Firm, Delmar (Mario D. Cometti of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kimberly A. O'Connor, J.), entered August 31, 2021 in Albany County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in Iraq in 1988 and thereafter immigrated to the United States. The parties have one unemancipated child (born in 2010). The husband commenced an action for divorce in April 2019. The wife applied for poor person status and appointment of counsel, which Supreme Court granted in June 2019. The parties thereafter engaged in discovery and, on the eve of trial, executed a settlement agreement. According to the wife, she immediately rescinded her assent and demanded the return of the agreement. When it was not returned to her, she sought, and was appointed, new counsel. The wife eventually moved to set aside the settlement agreement asserting that her lack of English proficiency and the general economic unfairness of the terms rendered the agreement unjust and unconscionable. Supreme Court denied the wife's motion in an order and entered a judgment of divorce incorporating, but not merging, the settlement agreement, thus prompting the wife's appeal.[FN1]
A settlement agreement is a legally binding and enforceable contract subject to enforcement in the same manner as any other contract (see Weddell v Trichka, 200 AD3d 1464, 1464 [3d Dept 2021]; Matter of Dillon v Dillon, 155 AD3d 1271, 1272 [3d Dept 2017]). However, the parties' ability to enter into an enforceable settlement agreement is specifically conditioned upon the provisions of General Obligations Law § 5-311 (see Domestic Relations Law § 236 [B] [3]; Massari v Massari, 55 Misc 3d 1205[A], 2017 NY Slip Op 50412[U], *7 [Sup Ct, Westchester County 2017]). General Obligations Law § 5-311 prohibits spouses from contracting to dissolve a marriage and "relieve either of his or her liability to support the other in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge" (see Curran v Curran, 169 AD2d 975, 976 [3d Dept 1991]; Slocum v Slocum, 42 AD2d 56, 57 [3d Dept 1973]).
Initially, the wife argues that due to her lack of proficiency in English, she failed to read the agreement and to comprehend the legal implications of executing same. The record does not support this. There is no indication that this issue was even broached throughout the litigation — no request for a translator was made and the wife affirms that she herself made application to proceed as a poor person and for appointment of counsel, without apparent difficulty. The fact that English is her second language does not, in and of itself, prove that she was hindered in her understanding of the agreement, or was unaware of the implications of signing same (see Overseas Private Inv. Corp. v Nam Koo Kim, 69 AD3d 1185, 1187 [3d Dept 2010], lv dismissed 14 NY3d 935 [2010]; Maines Paper & Food Serv. v Adel[*2], 256 AD2d 760, 761 [3d Dept 1998]; Kenol v Nelson, 181 AD2d 863, 866 [2d Dept 1992]; Randall v Randall, 113 AD2d 926, 926 [2d Dept 1985]).
Next, the wife argues that the agreement is substantively unconscionable, pointing specifically to the provisions concerning disposition of the marital residence, child support and spousal support. With regard to the disposition of the marital residence, the agreement, which calls for the wife to waive any equity but allows her to remain in the home for a period of six months, rent free and without responsibility for any of the attendant carrying charges, may not be optimal,[FN2] but cannot be deemed so one-sided as to shock the conscience (see Weddell v Trichka, 200 AD3d at 1465; Butcher v Butcher, 200 AD3d 1173, 1175 [3d Dept 2021]; Ruparelia v Ruparelia, 136 AD3d 1266, 1269 [3d Dept 2016]). As to child support, the agreement requires support payments from the husband to the wife that deviate upward from the Child Support Standards Act as applied to the husband's income as reported in his 2019 tax return. This, too, certainly cannot be deemed unfair or unconscionable. Finally, the fact that a wife waives spousal support, even in a long-term marriage, does not, in and of itself, render an agreement unconscionable — especially an agreement containing affirmations that the parties have been made aware of the current spousal support guidelines and wherein they both represent that they are capable of self-support.
Given the foregoing, we cannot say that Supreme Court erred in refusing to vacate the agreement as a whole. However, article four of the settlement agreement, concerning spousal support, sets forth the wife's income as $11,446, which is well below the applicable federal 2020 poverty guidelines (see US Department of Health & Human Services, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2020-poverty-guidelines [last accessed Jan. 19, 2023]). As such, there is a question as to whether this provision is in violation of General Obligations Law § 5-311 in that the wife "is likely to become a public charge." Because of this, we find that Supreme Court erred when it failed to make an inquiry into the circumstances surrounding the wife's waiver of spousal support (see Curran v Curran, 169 AD2d at 976; Miller v Miller, 104 AD2d 403, 404-405 [2d Dept 1984], lv dismissed 63 NY2d 952 [1984]).
Therefore, the matter must be remitted for a hearing (see Christian v Christian, 42 NY2d 63, 73-74 [1977]; Hadi v Hadi, 34 AD3d 1153, 1155 [3d Dept 2006]; Curran v Curran, 169 AD2d at 976; Schisler v Schisler, 106 AD2d 441, 443 [2d Dept 1984]). Supreme Court must necessarily also inquire into child support as the Child Support Standards Act requires that "maintenance shall be calculated prior to child support because the amount of maintenance shall be subtracted from the [husband]'s income and added to the [wife]'s income as part of the calculation [*3]of the child support obligation" (Domestic Relations Law § 236 [B] [6] [c] [1] [g]; see Holterman v Holterman, 3 NY3d 1, 10 [2004]).
The remittal to Supreme Court is for the limited purpose of a hearing on these two issues and, as such, does not mandate vacating the entire agreement or a reversal of the judgment of divorce. To this end, the settlement agreement "contains a severability clause providing that in the event any of the enumerated provisions is found to be invalid, illegal or unenforceable, the remaining provisions nonetheless survive, and it appears that [the wife's] arguments on appeal are aimed at specific financial provisions and not the agreement as a whole. Under these circumstances, we see no reason to set aside the judgment of divorce" (Sheridan v Sheridan, 202 AD2d 749, 752 [3d Dept 1994] [citation omitted]). The husband's request for counsel fees has been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as set spousal support and child support; matter remitted to the Supreme Court for a hearing on those matters; and, as so modified, affirmed.

Footnotes

Footnote 1: The judgment of divorce brings up for review the issues raised in the August 2021 order as well the judgment (see Spiegel v Spiegel, 206 AD3d 1178, 1179 n 1 [3d Dept 2022]; Ramadan v Ramadan, 195 AD3d 1174, 1175 n 1 [3d Dept 2021]).

Footnote 2: Given the sparse record before this Court, it is impossible to determine whether this term was good, bad or indifferent from the wife's perspective.