| **Di Francesco v McEnroy** |
|:---:|
| 2025 NY Slip Op 30732(U) |
| March 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652466/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**
*Justice*

PART    11M

-------------------------------------------------------------------------------X

DANIELA DI FRANCESCO

                                    Plaintiff,

                    - v -

CONOR MCENROY,

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652466/2024 |
| MOTION DATE | 09/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for                              DISMISS                              .

Upon the foregoing documents, defendant's motion is granted in part and denied in part.

## Background

In 1998, Daniela Di Francesco ("Plaintiff") and Conor McEnroy ("Defendant") met in Italy and were shortly thereafter married in New York. Twenty years later, they entered into a stipulation of settlement agreement (the "Agreement") under New York Domestic Relations Law. The parties did not exchange Statements of Net Worth or financial disclosure affidavits beforehand, and the Agreement waived any right for one party to make a claim against the other for failure to disclose financial circumstances. Plaintiff alleges that Defendant intentionally hid substantial offshore assets from her in the lead-up to the Agreement. She also alleges that her attorney, who was of her own choosing but who she only met briefly, advised her to sign the Agreement presented by Defendant quickly and threatened to withdraw. During the discussions leading up to the signing, Plaintiff developed appendicitis and had to be treated. Plaintiff's first language is Spanish, and the Agreement was never translated into Spanish prior to her signing.

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 1 of 9**

1 of 9

Under the terms of the Agreement, Plaintiff receives lifetime maintenance of $15,000 based on Defendant's alleged income, two properties in Peru, and a one-time distributive award of $1 million. Plaintiff brought the underlying lawsuit in May of 2024, alleging that the terms of the Agreement are unconscionable and the result of fraud and duress, due in part to her allegedly ineffective assistance of counsel. She seeks a judgment on Defendant's confession of judgment relating to a $3 million trust to ensure the maintenance payments that was not set up, rescission of the Agreement on various grounds, and to exchange sworn statements of net worth and obtain a de novo review of the equitable distribution. She also pleads breach of fiduciary relationship against Defendant for hiding marital assets. Defendant brings the present motion to dismiss.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR §

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 2 of 9**

2 of 9

3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Defendant moves to dismiss the complaint on several grounds: 1) that Plaintiff ratified the Agreement by accepting benefits under it; 2) that she is estopped as a matter of law from challenging the validity of the Agreement; and 3) that each of her claims fail to state a valid cause of action. For the reasons that follow, because Plaintiff ratified the Agreement by accepting its benefits for six years, the second through the sixth causes of action are barred by the Agreement and should be dismissed. Dismissal of the first cause of action at this stage would, however, be premature.

*Plaintiff Did Not Receive 'Virtually No Benefits'*

Defendant argues that by accepting the benefits of the Agreement and by waiting years to challenge it, Plaintiff ratified it and waived any right to challenge the Agreement. While ratification is technically an affirmative defense, when "the issue of ratification is obvious in the pleadings and papers before the court" dismissal of causes of action based on ratification is proper. *Stacom v. Wunsch*, 162 A.D.2d 170, 171-72 (1st Dept. 1990). Relevant to the ratification discussion is the fact that the Agreement was a separation agreement. Such an agreement is "sanctioned under the Domestic Relations Law as an alternative to the equitable distribution statute for dividing property between the parties", and they are "governed by contract law rather than the Domestic Relations Law." *Groper v. Groper*, 132 A.D.2d 492, 497 (1st Dept. 1987).

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**                                                          **Page 3 of 9**
**Motion No.  001**

3 of 9

Plaintiff argues that the Agreement was not ratified under the virtually no benefits theory. Under this concept, if a party to an agreement receives "virtually no benefits from the agreement", they cannot be said to have ratified it. *Pippis v. Pippis*, 69 A.D.3d 824, 825 (2nd Dept. 2010). Plaintiff is arguing that the distributive award of one million dollars, the lifetime maintenance of $15,000 a month, and the two properties in Peru constitute virtually no benefits in comparison to the real size of the marital assets at the time of the Agreement. The case *Kessler* is instructive on this issue. There, the plaintiff alleged that the defendant hid substantial assets from her and induced her to enter into the separation agreement just before the equitable distribution law in New York was to take effect. *Kessler v. Kessler*, 89 A.D.3d 687, 687 (2nd Dept. 2011). There, the Second Department held that although plaintiff would have received much more under the equitable distribution law, that discrepancy did not "support a finding that the defendant received 'virtually no benefits' from the agreement." *Id.*, at 688.

The cases that Plaintiff cites on this issue are all distinguishable. In *Arrow*, only one attorney represented both sides and the plaintiff there did not receive any maintenance payments or any of the substantial assets in the marital estate. *Arrow v. Arrow*, 133 A.D.2d 960, 961 (3rd Dept. 1987). In *Pippis*, the plaintiff was not represented by counsel and the bargain was said to be so inequitable that "no reasonable and competent person would have consented" to it. *Pippis v. Pippis*, 69 A.D.3d 824, 825 (2nd Dept. 2010). In *Hadi*, the agreement at issue was "unfair on its face" because it terminated all support, distributed no marital property, waived rights to bank accounts, failed to comply with Child Support statutory guidelines, left the plaintiff well below the federal poverty line, and made her "likely to become a public charge." *Hadi v. Hadi*, 34 A.D.3d 1153, 1154-55 (3rd Dept. 2006). Here, the Agreement is not unfair on its face, and it does provide for assets from the marital estate and lifetime maintenance payments for Plaintiff.

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 4 of 9**

4 of 9

[* 4]

While, taking all facts alleged as true, it is certain that Plaintiff would have received far more under the equitable distribution statute, she cannot be said to have received virtually no benefits from the Agreement. The situation here is more comparable that of *Kessler* than *Pippis* or *Hadi*. And as in *Kessler*, here the record does not support a finding of virtually no benefits.

<u>*Ineffective Assistance of Counsel Does Not Present Grounds for Rescission*</u>

Plaintiff also argues that the alleged ineffective assistance of counsel in signing the Agreement prevented ratification. Generally speaking, "absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" and the agreement will not be rescinded. *Karen E. v. Yoram E.*, 144 A.D.3d 1081, 1082 (2nd Dept. 2016). Plaintiff argues that the large discrepancy between the actual marital estate and the amount that Plaintiff received under the Agreement constitutes exceptional circumstances. But even when a party to a settlement agreement is not represented by independent counsel, as Plaintiff here was, that is not enough to nullify an agreement. *Brennan-Duffy v. Duffy*, 22 A.D.3d 699, 700 (2nd Dept. 2005); *see also Mahon v. Moorman*, 234 A.D.2d 1, 1 (1st Dept. 1996); *Korngold v. Korngold*, 26 A.D.3d 358, 359 (2nd Dept. 2006)(holding that a party who was not represented by independent counsel when the stipulation was placed on open record ratified the agreement by accepting the benefits and complying with the terms for more than a year); *but see Jon v. Jon*, 123 A.D.3d 979, 980 (2nd Dept. 2014)(reasoning that lack of independent counsel is a significant factor in the fairness of a settlement agreement). Plaintiff has not alleged facts that would constitute extraordinary circumstances for purposes of a recission claim based on ineffective assistance of counsel, even before getting to the issue of Plaintiff's potential ratification of the agreement. She was represented by counsel of her choosing, and his allegedly insufficient representation is not severe enough to rise to the level of extraordinary circumstances.

**652466/2024  DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No. 001**

**Page 5 of 9**

5 of 9

### *Duress and Unconscionability Do Not Overcome Plaintiff's Ratification*

The case law is clear that even if a settlement agreement was executed as a result of duress or unconscionability, "subsequent acceptance of its benefits for a considerable period of time [constitutes] ratification of the agreement." *Luce v. Luce*, 213 A.D.2d 978, 979 (4th Dept. 1995); *see also Colyer v. Colyer*, 26 A.D.3d 303, 304 (1st Dept. 2006)(noting that an action for rescission due to unconscionability is barred because of the plaintiff's ratification of the separation agreement); *Bonem v. Garriott*, 159 A.D.2d 206, 207 (1st Dept. 1990); *Hoffer-Adou v. Adou*, 121 A.D.3d 618, 619 (1st Dept. 2014). When the issue of ratification is "obvious in the pleadings and papers before the court", dismissal of the relevant causes of action is proper. *Stacom*, at 171-72. In *Stacom*, accepting the benefits of the settlement agreement allegedly obtained through duress without demonstrating a continuation of duress was grounds for dismissal due to ratification. *Id.*, at 171. A plaintiff "cannot claim that he or she was compelled to execute an agreement under duress while simultaneously accepting the benefits of the agreement." *Allen v. Riese Org., Inc.*, 106 A.D.3d 514, 517 (1st Dept. 2013). Here, Plaintiff accepted the benefit of the Agreement for years and has not alleged any facts tending to show that duress continued during this time. Her ratification of the Agreement is evident from the pleadings and papers before the Court. Therefore, dismissal of the causes of action seeking rescission of the Agreement, two through five, is proper.

### *Dismissal of the Confession of Judgment Claim Would Be Premature*

Under the terms of the Agreement, Defendant was to establish a trust with $3 million in order to satisfy his maintenance obligations to Plaintiff until her death. In 2018 he executed a confession of judgment in which he agreed to have judgment entered against him if "payment in full is not made pursuant to the terms of the Settlement Agreement." In the first cause of action,

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 6 of 9**

6 of 9

Plaintiff alleges that Defendant defaulted and failed to establish the trust within the agreed-upon five-year deadline. Defendant moves to dismiss this cause of action on the grounds that it is unripe, as he has made every maintenance payment. There are also procedural issues raised by Defendant.

Defendant points to the language in the Agreement that reads "[i]n the event that the Husband should die prior to the establishment of the McEnroy Divorce Guarantee Trust, the Wife's counsel may file the Confession of Judgment" and argues that this makes the Defendant's death a necessary precondition to filing the Confession of Judgment. Plaintiff raises the language in the Confession of Judgment that reads "[i]f, however, payment in full is not made pursuant to the terms of the Settlement Agreement, then judgment shall be entered against me in New York County." She argues that because Defendant allegedly delayed monthly payments to the end of the month rather than the beginning, in accordance with the terms of the Settlement Agreement, this constitutes a default and therefore justifies the filing of the judgment. While nowhere in either document does it state that late payments constitute a default, Plaintiff is correct in arguing that the language regarding Defendant's passing does not bar the claim. If Defendant's reading of the provision in the Agreement was correct, and the provision allowing the confession of judgment to be filed was restricted *only* to the event of his passing, then the language in the confession of judgment itself referring to filing in the event of a default would be superfluous.

While the late payment alleged by Plaintiff may not constitute a default, the Agreement did state that the trust was to be established within five years of execution of the Agreement. Defendant alleges that Plaintiff bears the responsibility for the failure to establish the Trust within the timespan given. But on a motion to dismiss standard, Plaintiff is entitled to every

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 7 of 9**

7 of 9

favorable inference, and she alleges that Defendant has failed to comply with the terms of the Agreement. Therefore, dismissal of this cause of action at this time would be premature.

<u>*The Breach of Fiduciary Duty Claim*</u>

In the sixth cause of action, Plaintiff alleges that Defendant transferred, dissipated, or misappropriated marital asset funds constituting a breach of fiduciary duty. Defendant is moving to dismiss this claim based on the financial discovery waiver clause in the Agreement, as well as the argument that it was not pled with the requisite specificity. The issue here turns again on the enforceability of the Agreement, given the waiver of financial disclosures provision. As addressed above, Plaintiff ratified the Agreement by benefiting from it for six years before challenging it. As the behavior that Plaintiff alleges to be the breach of fiduciary duty is the hiding of financial assets, the waiver provision in the Agreement bars this claim. Plaintiff urges the Court to overturn the waiver on public policy grounds.

Settlement agreements are not to be "lightly set aside" and judicial review of them is "to be exercised sparingly." *Sabowitz v. Sabowitz*, 123 A.D.3d 794, 795 (2nd Dept. 2014). A court can, in rare circumstances, invoke the public policy exception to the enforcement of a settlement agreement when "enforcement of the judgment would result in the recognition of a transaction which is inherently vicious, wicked or immoral, and shocking to the *prevailing* moral sense." *Altman v. Altman*, 150 A.D.2d 304, 307 (1st Dept. 1989)(emphasis in original). Plaintiff attempts to draw parallels with a Nassau County case *C.S. v. L.S.* There, the court noted that the settlement agreement that left the wife "nearly destitute". *C.S. v. L.S.*, 41 Misc. 3d 1209(A), *** 11 (Sup. Ct. Nassau Cty. 2013). She was not represented by independent counsel, given less than an hour to review the agreement, and "did not even have independent means to walk out and leave Husband's attorney's law office if she so desired." *Id.*, at *** 15. Here, Plaintiff was

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**
**Motion No.  001**

**Page 8 of 9**

8 of 9

represented by counsel of her choosing and she first met with her chosen attorneys three weeks before the signing. She is not left destitute by the agreement, and as discussed above ratified it by accepting it for six years. Even with the benefit of every favorable inference, Plaintiff has not alleged facts that would justify a rare judicial intervention, overturning the Agreement on public policy grounds. Because the financial disclosure provision in the Agreement bars the sixth cause of action, and Plaintiff's ratification of the Agreement makes that provision binding, dismissal of this cause of action is proper. Accordingly, it is hereby

ORDERED and ADJUDGED that defendant's motion is granted as to the second, third, fourth, fifth, and sixth causes of action and those causes of action are hereby dismissed; and it is further

ADJUDGED that defendant's motion is denied as to the first cause of action; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

20250304122315LFRANKD207E773226345EB9FC78E5E8DE5987E

**3/4/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652466/2024   DI FRANCESCO, DANIELA vs. MCENROY, CONOR**          **Page 9 of 9**
**Motion No.  001**

9 of 9